IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

         **Plaintiff,**

vs.

OFFICER DANIEL BACA, OFFICER JENNIFER
JARA, OFFICER LEAH KELLY AND OFFICER
JACOB WELCH, individually and in their official capacities
as police officers for the ALBUQUERQUE POLICE
DEPARTMENT,

         **Defendants.**

                                    **JURY REQUESTED**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

    Plaintiff Alfonso Hernandez, through counsel, alleges:

### Introduction

    This is a civil action for damages and declaratory and injunctive relief under the Constitution of the United States of America and Title 42 U.S.C.A, §§ 1983 and 1988.

    In this case, Plaintiff Alfonso Hernandez was packing up boxes used to distribute food on the Fourth Street Mall to homeless persons in Albuquerque, New Mexico, when he was approached by Defendant Jara, who detained, interrogated and arrested Plaintiff without reasonable suspicion or probable cause. Plaintiff was then cuffed and taken into custody by Defendant Baca.  Officer Jara charged Plaintiff with Criminal Trespass, Refusing to Obey an Officer, and Serving Food Without a Permit, claiming to rely on an order not to return to the Mall to feed homeless

1

people, previously issued by Defendant Welch. At the prisoner transport center, Defendant Kelly forcibly pulled Plaintiff from a bench, while Defendant Jara jumped on him, threatened him and pressed her fingers deeply into his larynx, causing him pain and fear for his health and safety. A State District Judge eventually found that there was no basis for the arrest and the charges, and dismissed all criminal proceedings. All individual defendants were acting under color of state law and in the course and scope of their official duties.

## Jurisdiction

1. The jurisdiction of this court is predicated on 28 U.S.C. §1331 and the supplemental jurisdiction of this court.

2. The unlawful acts and omissions alleged herein were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## Parties

3. Plaintiff Alfonso Hernandez resides in the State of New Mexico, County of Bernalillo.

4. The individual defendants are police officers in the Albuquerque Police Department and are employed by the governmental entity known as the City of Albuquerque.

## Facts Common to All Counts

5. On August 8, 2010, Defendant Welch threatened to arrest the Plaintiff, prevented him from serving food to homeless people and handcuffed him with no legal grounds for restraining him or interfering with his lawful activities. It is not a

crime to give alms to the poor, and feed the hungry and the homeless. Citizens do not need a permit to help other citizens by giving time or food or even a blanket.

6. Welch issued Plaintiff a "Criminal Trespass Notification-Order Not to Return" ("Order") purporting to bar him from entering or remaining "on or about the property located at 110 4th Street NW ("Park")." The address listed on the Order was a piece of private property belonging to AT&T, but Plaintiff was on public property, which the Defendants do not deny.

7. The purpose of the Order was to prevent the plaintiff from distributing food to homeless persons, an activity not prohibited by law or regulation.

8. The plaintiff regularly collects and distributes food to homeless persons because of deeply held religious convictions and to exercise his freedom of expression.

9. Defendant Welch had no valid legal basis for handcuffing and threatening the plaintiff, issuing the Order, or prohibiting the plaintiff from entering the Fourth Street Mall (or private property near the Mall) to distribute food or for any other lawful purpose.

10. On September 12, 2010, while the plaintiff was at the Fourth Street Mall packing up containers and loading them into his truck, Defendant Jara approached him, asked him his name and whether he had a permit to feed the homeless.

11. The plaintiff provided defendant Jara with his driver's license upon her request, but otherwise did not answer her questions or engage in dialogue with

her.

12. At all material times, there was no legal requirement that any person needed a permit to distribute food to homeless persons on or near the Fourth Street Mall.

13. Defendant Jara continued to ask the plaintiff questions even after it was very clear that he would not answer and wished to end his encounter with her. When he attempted to walk away, she followed him, trying to interrogate him in an harassing and abusive manner. There was no lawful basis to harass a citizen with interrogative accusatory questions.

14. When the plaintiff still did not respond to her questions, Defendant Jara placed him under arrest, charging him with Criminal Trespass, Refusing to Obey an Officer and Serving Food Without a Permit.

15. Defendant Baca then handcuffed the plaintiff and placed him in his squad car.

16. Defendant Jara took the plaintiff's keys without his consent and without a warrant, searched his truck without a warrant and without any reason to believe that it contained contraband of any kind, and had it towed and impounded, causing the plaintiff to incur towing and storage charges. Defendant Baca threatened him with physical violence when he asked why his truck was being searched. Defendant Baca knew there was no legal basis to search and tow the vehicle that was lawfully parked by Plaintiff several hours before helping street people, or "metro-campers", with food and comfort.

17. Defendants Jara and Baca did not have reasonable suspicion to detain

the plaintiff, and did not have probable cause to arrest him for any crime.

18.     At the prisoner transport center, Defendant Kelly forcibly pulled the plaintiff from a bench while Defendant Jara jumped on him, pressed her fingers deeply into his larynx and threatened him, all with no provocation whatsoever. The apparent intent was to simply use force to try to intimidate and punish Plaintiff for being a good enough Christian to try to provide food and comfort to homeless persons.

19.    Defendants Kelly and Jara used excessive force on the plaintiff, causing him pain and injury and putting him in fear for his health and safety.

20.    The plaintiff was in physical pain and emotionally distressed during and after the incident.

21.    The plaintiff was falsely arrested and maliciously prosecuted.

22.    The plaintiff was held in jail overnight.

23.    The plaintiff incurred damage to his reputation and good name as a result of his arrest and incarceration as well as disparaging statements made to the public and the media by the defendants, or other City employees assigned to the "case of making people stop feeding homeless persons so they might go away". Plaintiff was forbidden to leave Bernalillo County for ten months while charges against him were pending as a condition of release, which is damage and violates his right to interstate travel.

24.    On January 11, 2011, the plaintiff was tried in the Bernalillo County Metropolitan Court.  The charge of distributing food without a permit was dismissed on ground that there was no legal requirement that he have a permit to

5

do so.  He was convicted of Criminal Trespass and Refusing to Obey an Officer.

25. The plaintiff appealed the conviction to the Second Judicial District Court..

26. On June 28, 2011, a de novo trial was held before the Second Judicial District Court.

27. On July 11, 2011, the Second Judicial District issued an Order reversing the convictions.  The written Order found that the charge of Criminal Trespass was not supported by the evidence and dismissed the charge with prejudice.

28. The Court's written order also dismissed the charge of Refusing to Obey a Law Enforcement Officer with prejudice, entering the following specific findings:

   a. The encounter between Defendant Jara and the plaintiff quickly became non-consensual, requiring that Jara have reasonable suspicion that the plaintiff was engaging in or about to engage in criminal conduct;

   b. Defendant Jara had no legal basis to approach the plaintiff and begin questioning him.

   c. The plaintiff presented no public safety concerns and was engaging in no criminal conduct.

   d. "Officer Jara's mistaken belief that the [plaintiff] needed a permit to dispense food in this public area cannot act as the basis for reasonable suspicion to basically seize and ultimately arrest [the plaintiff] who is otherwise acting lawfully under these circumstances."

29. The findings and conclusions of the Second Judicial District Court are entitled to preclusive effect in this action.

30. As a direct and proximate result of the defendants' conduct described above, the plaintiff was subjected to the loss of his liberty, including a period of incarceration and ten months in which he could not leave Bernalillo County, the pain and distress of excessive force, the costs of defending against baseless charges, the fear and anxiety of being convicted of criminal charges, harm to his reputation and peace of mind, rumination and emotional distress.

31. The defendants' conduct was willful, wanton, malicious and in deliberate disregard of the plaintiff's rights, warranting imposition of punitive damages.

### *COUNT ONE:*

### *Deprivation of Fourth Amendment Right to be Free from Unreasonable Detention, Seizure, Searches, and Excessive Force*

32. The plaintiff realleges the allegations set forth above as if set forth in full herein and further alleges that:

33. 42 U.S.C §1983 provides for civil liability for the deprivation of any rights, privileges or immunity secured by the United States Constitution.

34. On or about August 8, 2011, Defendant Welch wrongfully detained and handcuffed the plaintiff although he had no reasonable suspicion or probable cause to believe that the plaintiff was engaging in criminal activity.

35. On or about September 12, 2011, Defendants Baca and Jara wrongfully detained and falsely arrested the plaintiff although they had no

reasonable suspicion or probable cause to believe that the plaintiff was engaging in criminal activity.

36. The plaintiff has a Fourth Amendment right to be free from unreasonable and unlawful searches and seizures.

37. By detaining the plaintiff without reasonable suspicion and by arresting and incarcerating the plaintiff without probable cause, Defendants Baca and Jara violated his Fourth Amendment right to be free from unreasonable and unlawful searches and seizures.

38. Defendants Kelly and Jara applied excessive and unreasonable force to the plaintiff when Kelly pulled him off a bench and Jara jumped on him and jabbed her fingers into his larynx while he was detained at the prisoner transport center.

39. Kelly's and Jara's use of force was unprovoked and was not objectively reasonable under the circumstances, and was done for the purpose of harming and intimidating the plaintiff.

40. The defendants violated the plaintiff's right to be free from unreasonable searches and seizures when they searched, towed and impounded his truck without any reason to believe it contained contraband and without probable cause to arrest him, or a warrant to search the truck.

41. As a direct and proximate result of the defendants' acts and omissions, the plaintiff has sustained damages including physical pain and intimidation, loss of his freedom and liberty, damage to his reputation, mental anguish and emotional distress. He has been required to retain the services of attorneys and has incurred legal costs in both in defending against the baseless criminal charges and in seeking

redress for the violations of his constitutional rights.  The plaintiff's injuries are redressable under 42 U.S.C. §§ 1983 and 1988.

      42.      The defendants' actions were in willful and malicious abuse of their official power, and were knowingly and intentionally undertaken in their individual capacities for the purpose of depriving the plaintiff of his constitutional rights or with deliberate indifference or reckless disregard of his rights, entitling the plaintiff to an award of punitive damages.

## COUNT TWO:

### Deprivation of First Amendment Right to Freedom of Speech, Expression and the Exercise of Religion

      43.      The plaintiff realleges the allegations set forth above as if set forth in full herein and further alleges that:

      44.      The plaintiff distributes donated food to the homeless because of deeply held religious beliefs and to express his belief that it is the responsibility of members of society to care for the less fortunate.

      45.      The First Amendment prohibits government actors from impeding the free exercise of religion or abridging the free exercise of speech and expressive conduct.

      46.      Defendant Welch violated the plaintiff's First Amendment rights by handcuffing the plaintiff and issuing a legally groundless criminal trespass order intended to prevent him from exercising those rights.

      47.      Defendants Jara and Baca violated the plaintiff's First Amendment rights by detaining him without reasonable suspicion of criminal activity and

arresting him without probable cause for the purpose of preventing him from exercising those rights.

48.     Defendants Kelly and Jara violated the plaintiff's First Amendment rights by physically attacking him in retaliation for his exercise of those rights and to deter him from continuing to exercise his rights to freedom of religion and of speech and expression.

49.     As a direct and proximate result of the defendants' acts and omissions, the plaintiff has sustained damages including physical pain and intimidation, loss of his freedom and liberty, damage to his reputation, mental anguish and emotional distress. He has been required to retain the services of attorneys and has incurred legal costs both in defending against the baseless criminal charges and in seeking redress for the violations of his constitutional rights. The plaintiff's injuries are redressable under 42 U.S.C. §§ 1983 and 1988.

50.     The defendants' actions were in willful and malicious abuse of their official power, and were knowingly and intentionally undertaken in their individual capacities for the purpose of depriving the plaintiff of his constitutional rights or with deliberate indifference or reckless disregard of his rights, entitling the plaintiff to an award of punitive damages.

**WHEREFORE,** Plaintiff Alfonso Hernandez requests that this Court award him the following relief:

1.     Declare that the defendants have acted unconstitutionally and illegally and enjoin them from further similar unconstitutional or illegal acts or omissions, including but not limited to interfering with the plaintiff's exercise of his First

Amendment rights;

    2.    Award judgment against the each of the individual defendants in their individual capacities as follows:

        a.    compensatory damages in an amount sufficient to compensate the plaintiff for the injuries he has suffered as a result of the defendants' wrongful acts; and

        b.    punitive damages in an amount sufficient to deter the defendants and others from undertaking similar wrongful acts in the future; and

        c.    The plaintiff's costs and attorneys' fees incurred in this action pursuant to 42 USC Section 1988; and

        d.    any further and additional relief the court deems appropriate under the circumstances.

LAW OFFICE OF BRAD D. HALL

<u>Electronically Filed 04/16/12</u>
Brad D. Hall
320 Gold Ave SW #1218
Albuquerque, NM 87102
(505) 255-6300, Fax: 255-6323
Email: brad@bhallfirm.com

*Attorney for Plaintiff*