IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ

    Plaintiff,

v.                                                    CIV 12-394 KBM-ACT

DANIEL BACA et al,

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), the parties met and conferred to formulate the following Joint Status Report and Provisional Discovery Plan:

The attorneys participating were:

    AEQUITAS LAW, LLC, Anna C. Martinez and Albert L. Hutchinson, Jr. for Plaintiff.

    Assistant City Attorney Stephanie M. Griffin for Defendants

## NATURE OF THE CASE

This is a civil rights case in which Plaintiff alleges that Defendants violated his First Amendment rights, subjected him to an unlawful detention and arrest without reasonable suspicion or probable cause, and subjected him to excessive and unreasonable use of force and seeks monetary damages therefore. Defendants deny Plaintiff's claims as to both liability and damages.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs intend to file: Motion to Amend to include additional counts against Defendants.

Plaintiff(s) should be allowed until November 1, 2012 to move to amend the pleadings and until November 15, 2012 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:  None at this time.

Defendants(s) should be allowed until December 1, 2012 to move to amend the pleadings and until December 15, 2012 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

The incidents alleged in the complaint occurred on or about August 8, 2010 and September 12, 2010 and that each Defendant was acting under color of law and within the course and scope of their employment.

The parties further stipulate and agree that the law governing this case is:

42 U.S.C. § 1983 and the Fourth and First Amendments to the United States Constitution and the relevant legal authority interpreting these provisions

## PLAINTIFF'S CONTENTIONS:

On August 8, 2010, Defendant Welch threatened to arrest the Plaintiff, prevented him from serving food to homeless people and handcuffed him with no legal grounds for restraining him or interfering with his lawful activities. It is not a crime to give alms to the poor, and feed

the hungry and the homeless. Citizens do not need a permit to help other citizens by giving time or food or even a blanket.

Welch issued Plaintiff a "Criminal Trespass Notification---Order Not to Return" ("Order") purporting to bar him from entering or remaining "on or about the property located at 110 4th Street NW ("Park")." The address listed on the Order was a piece of private property belonging to AT&T, but Plaintiff was on public property, which the Defendants do not deny. Plaintiff contends that the purpose of the Order was to prevent Plaintiff from distributing food to homeless persons, an activity not prohibited by law or regulation.

Plaintiff regularly collects and distributes food to homeless persons because of deeply held religious convictions and to exercise his freedom of expression. Plaintiff contends that Defendant Welch had no valid legal basis for handcuffing and threatening the plaintiff, issuing the Order, or prohibiting Plaintiff from entering the Fourth Street Mall (or private property near the Mall) to distribute food or for any other lawful purpose.

Plaintiff further contends that on or about September 12, 2010, while he was at the Fourth Street Mall packing up containers and loading them into his truck, Defendant Jara approached him, asked him his name and whether he had a permit to feed the homeless. Plaintiff provided Defendant Jara with his driver's license upon her request, but otherwise did not answer her questions or engage in dialogue with her. Plaintiff contends that, at all material times, there was no legal requirement that any person needed a permit to distribute food to homeless persons on or near the Fourth Street Mall.

Defendant Jara continued to ask Plaintiff questions even after it was very clear that he would not answer and wished to end his encounter with her. When he attempted to walk away, she followed him, trying to interrogate him in an harassing and abusive manner. There was no lawful basis to harass a citizen with interrogative accusatory questions. When Plaintiff still did

not respond to her questions, Defendant Jara placed him under arrest, charging him with Criminal Trespass, Refusing to Obey an Officer and Serving Food Without a Permit.

Defendant Baca then handcuffed Plaintiff and placed him in his squad car. Defendant Jara took the plaintiff's keys without his consent and without a warrant, searched his truck without a warrant and without any reason to believe that it contained contraband of any kind, and had it towed and impounded, causing Plaintiff to incur towing and storage charges. Defendant Baca threatened him with physical violence when he asked why his truck was being searched. Defendant Baca knew there was no legal basis to search and tow the vehicle that was lawfully parked by Plaintiff several hours before helping street people, or "metro-campers", with food and comfort.

Plaintiff contends that Defendants Jara and Baca did not have reasonable suspicion to detain the plaintiff, and did not have probable cause to arrest him for any crime.

At the prisoner transport center, Defendant Kelly forcibly pulled Plaintiff from a bench while Defendant Jara jumped on him, pressed her fingers deeply into his larynx and threatened him, all with no provocation whatsoever. The apparent intent was to simply use force to try to intimidate and punish Plaintiff for being a good enough Christian to try to provide food and comfort to homeless persons.

Plaintiff contends that Defendants Kelly and Jara used excessive force on Plaintiff, causing him pain and injury and putting him in fear for his health and safety. Plaintiff contends that he was in physical pain and emotionally distressed during and after the incident. Plaintiff contends that he was falsely arrested and maliciously prosecuted.

Plaintiff was held in jail overnight. Plaintiff incurred damage to his reputation and good name as a result of his arrest and incarceration as well as disparaging statements made to the public and the media by the defendants, or other City employees assigned to the "case of making

4

people stop feeding homeless persons so they might go away." Plaintiff was forbidden to leave Bernalillo County for ten months while charges against him were pending as a condition of release, which is damage and violates his right to interstate travel.

On January 11, 2011, Plaintiff was tried in the Bernalillo County Metropolitan Court. The charge of distributing food without a permit was dismissed on ground that there was no legal requirement that he have a permit to do so. He was convicted of Criminal Trespass and Refusing to Obey an Officer. Plaintiff appealed the conviction to the Second Judicial District Court.

On June 28, 2011, a de novo trial was held before the Second Judicial District Court. On July 11, 2011, the Second Judicial District issued an Order reversing the convictions. The written Order found that the charge of Criminal Trespass was not supported by the evidence and dismissed the charge with prejudice. The Court's written order also dismissed the charge of Refusing to Obey a Law Enforcement Officer with prejudice, entering the following specific findings:

a. The encounter between Defendant Jara and Plaintiff quickly became non---consensual, requiring that Jara have reasonable suspicion that Plaintiff was engaging in or about to engage in criminal conduct;

b. Defendant Jara had no legal basis to approach Plaintiff and begin questioning him.

c. Plaintiff presented no public safety concerns and was engaging in no criminal conduct.

d. "Officer Jara's mistaken belief that the [plaintiff] needed a permit to dispense food in this public area cannot act as the basis for reasonable suspicion to basically seize and ultimately arrest [the plaintiff] who is otherwise acting lawfully under these circumstances."

The findings and conclusions of the Second Judicial District Court are entitled to preclusive effect in this action. Plaintiff contends that, as a direct and proximate result of

Defendants' conduct described above, Plaintiff was subjected to the loss of his liberty, including a period of incarceration and ten months in which he could not leave Bernalillo County, the pain and distress of excessive force, the costs of defending against baseless charges, the fear and anxiety of being convicted of criminal charges, harm to his reputation and peace of mind, rumination and emotional distress. Plaintiff contends that Defendants' actions violated his Constitutionally-protected rights under the First and Fourth Amendments. Finally, Plaintiff contends that Defendants' conduct was willful, wanton, malicious and in deliberate disregard of the plaintiff's rights, warranting imposition of punitive damages.

## **DEFENDANT'S CONTENTIONS**

Defendants deny that they engaged in any wrongful conduct as Plaintiff contends. Defendants claim that there was both reasonable suspicion to detain and probable cause to arrest Plaintiff on August 8, 2010 and on September 12, 2010. On August 8, 2010, Officer Welch observed a large crowd of people gathered at 110 4th Street N.W. where he also observed Plaintiff serving food to the crowd. Officer Jacob Welch inquired of Plaintiff if he had a permit to serve the food, and Plaintiff responded that he did not have a permit and that he did not need one so he continued to serve the food. Officer Welch asked Plaintiff to stop serving the food, but he refused and instead incited the crowd by yelling "I am not going to stop, what are you going do to stop me." "If you have to arrest me, then do what you need to do." People in the crowd then started shouting "Lets start a riot" and "Fuck the police." In order to gain control over the situation, Officer Tim Lonz placed Plaintiff in handcuffs, removed him from the crowd, and detained him in the back of a police car. Once the crowd dispersed, Plaintiff was taken out of the police car and was issued a citation for serving food without a permit and he was issued a criminal trespass notification. Plaintiff then left the property.

On September 12, 2010, Officer Jennifer Jara and Leah Kelly were at 400 Copper N.W. where there was a crowd of people. Plaintiff was serving food to the crowd of people so Officer Jara and Officer Kelly asked if he had a permit to do so and he refused to answer questions or provide a permit. Officer Welch, who had dealt with Plaintiff during the August 8, 2010 incident described above, also arrived on scene, and told Officer Jara that he had just issued a criminal trespass notification to Plaintiff. After learning this information, Officer Jara asked Plaintiff if he was issued a criminal trespass notification, and he refused to answer. Plaintiff ignored Officer Jara's questions about the criminal trespass notification and began packing food into the bed of his truck which was parked in the middle of the park obstructing foot and vehicle traffic. A parking citation was issued and the vehicle was towed from the scene. Officer Jara verified that there was a trespass notification issued to Plaintiff on August 8, 2010 so she arrested him. Officer Jara handcuffed Plaintiff using standard handcuffing techniques and neither she or Officer Kelly used any unreasonable force against Plaintiff. Officer Daniel Baca transported Plaintiff to the Prisoner Transport Unit where he was later transported to MDC. Plaintiff was convicted of the crime of Refusing to Obey in Metropolitan Court, and he appealed the conviction to the Second Judicial District Court. The conviction was dismissed after a de novo trial. The case was not dismissed for lack of probable cause.

Based upon the aforementioned scenario, Defendants' actions were objectively reasonable under the totality of circumstances as they acted in good faith as there was reasonable suspicion to detain and probable cause to arrest Plaintiff on August 8, 2010 and on September 12, 2010. An objectively reasonable amount of force was used to effect to the detention and arrest of Plaintiff.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

1. **Plaintiffs** will or may call:

   **A. Plaintiff Alfonso Hernandez**
   c/o Anna C. Martinez
   AEQUITAS LAW, LLC
   P.O. Box 25304
   Albuquerque, NM 87125

   Plaintiff will testify regarding the facts and circumstances giving rise to this Complaint, her damages and Plaintiff will provide other admissible testimony.

   **B. All Defendants**
   c/o Stephanie M. Griffin
   Assistant City Attorney
   P.O. Box 2248
   Albuquerque, NM 87103
   (505) 768-4500

   It is anticipated that all Defendants will testify as to the subject incident and may provide other admissible testimony.

Plaintiff may also call any witnesses identified and/or yet to be identified by Defendants; any witness necessary to authenticate documents; any witness identified and/or yet to be identified in discovery; and any witness necessary for rebuttal.

2. **Defendant** may call:

   a. Officer Daniel Baca
      c/o Stephanie M. Griffin
      Assistant City Attorney
      P.O. Box 2248
      Albuquerque, NM 87103
      (505) 768-4500

8

It is anticipated that Officer Baca will testify as to the subject incident and about his training and experience.

    b. Officer Jennifer Jara
       c/o Stephanie M. Griffin
       Assistant City Attorney
       P.O. Box 2248
       Albuquerque, NM 87103
       (505) 768-4500

It is anticipated that Officer Jara will testify as to the subject incident and about her training and experience.

    c. Officer Leah Kelly
       c/o Stephanie M. Griffin
       Assistant City Attorney
       P.O. Box 2248
       Albuquerque, NM 87103
       (505) 768-4500

It is anticipated that Officer Kelly will testify as to the subject incident and about her training and experience.

    d. Officer Tim Lonz
       c/o Stephanie M. Griffin
       Assistant City Attorney
       P.O. Box 2248
       Albuquerque, NM 87103
       (505) 768-4500

It is anticipated that Officer Lonz will testify as to the subject incident and about his training and experience.

    e. Officer Jacob Welch
       c/o Stephanie M. Griffin
       Assistant City Attorney
       P.O. Box 2248
       Albuquerque, NM 87103
       (505) 768-4500

It is anticipated that Officer Welch will testify as to the subject incident and about her supervision, training, and experience.

    f. Lorie Stoller
       c/o Stephanie M. Griffin

        Assistant City Attorney
        P.O. Box 2248
        Albuquerque, NM 87103
        (505) 768-4500

It is anticipated that Ms. Stoller will testify about the requirements pursuant to the United States Food Code as well as to the food permitting process and requirements.

    g. Any witness identified and/or yet to be identified by Plaintiff

    u. Any witness necessary to authenticate documents

    w. Any witness identified and/or yet to be identified in discovery

    x. Any witness necessary for rebuttal.

List all documents which you believe, at this time, will be exhibits at the trial.

1. **Plaintiff** will or may introduce:

    a. Incident Reports demonstrating a pattern and practice of unlawful conduct by Defendants (no such documents are presently in Plaintiff's possession);

    b. All documents contained in the Court records from Plaintiff's prosecution by Defendants;

    c. Any recordings made by Defendants of the incidents complained of by Plaintiff;

    d. Police radio recordings;

    e. Mobile and dispatch logs and entries including CADS recordings;

    f. All relevant SOP and training and/or policy documents relative to Plaintiff's claims;

    g. Any and all exhibits identified by the Defendant and through the discovery process.

2. **Defendant** may introduce:

    a. Belt tape tagged into evidence under APD Case # 100076293
    b. Criminal Trespass Notice issued to Alfonso Hernandez
    c. Any exhibit identified and/or yet to be identified in discovery

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

    The parties will or may call the following EXPERTS at trial:

    1.    **Plaintiff**:    Plaintiff has not identified any expert witnesses at this time, but reserves the right to do so in accordance with any pre-trial scheduling orders entered by this Court. Plaintiff may call an expert on Police Training and Conduct.

    2.    **Defendant**: Defendants have not identified any expert witnesses at this time, but reserves the right to do so in accordance with any pre-trial scheduling orders entered by this Court.

    Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

    Maximum of twenty five (25) interrogatories by each party to any other party. (Responses due thirty (30) days after service).

    Maximum of twenty five (25) requests for admission by each party to any other party. (Response due thirty (30) days after service).

    It is Defendants' position that there should be a maximum of twenty five (25) requests for production by each party to any other party.  (Response due thirty (30) days after service).

    Plaintiff is unwilling to agree to a maximum amount of requests for production

    Maximum of fifteen (15) depositions by Plaintiff(s) and fifteen (15) by Defendant(s).

Each deposition (other than of <u>parties and experts</u>) limited to maximum of <u>4</u> hours unless extended by agreement of parties. Depositions of parties and experts limited to a maximum of <u>7</u> hours unless extended by agreement of parties or leave of court.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by <u>November 29, 2012</u>.

from Defendant(s) by <u>December 29, 2012</u>.

Supplementation under Rule 26(e) due within fifteen (15) days of receipt of additional or new information or documents.

All discovery commenced in time to be complete by February 4, 2013.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Summary Judgment, discovery motion as necessary, motions in limine as necessary, and any other motions the necessity of which become clear during the pendency of this case.

Defendant intends to file:  Motions for summary judgment, discovery motions, and motions in limine as necessary and appropriate

## ESTIMATED TRIAL TIME

The parties estimate trial will require <u>3</u> days.

\_\_\_\_ This is a non-jury case.

 <u>X</u>\_\_\_ This is a jury case.

The parties request a pretrial conference at the convenience of the Court.

## SETTLEMENT

The possibility of settlement in this case is considered unknown at this time. The parties request a settlement conference at the close of discovery.

## EXCEPTIONS

It is Defendants' position that there should be a maximum of twenty five (25) requests for production by each party to any other party.  (Response due thirty (30) days after service).

Plaintiff is unwilling to agree to a maximum amount of requests for production

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

**AEQUITAS LAW, LLC**

By:    Approved via email on September 21, 2012
Anna C. Martinez
Albert L. Hutchinson, Jr.
Attorney for Plaintiff
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005
anna@aequitas.pro

*Attorneys for Plaintiff*

CITY OF ALBUQUERQUE
David Tourek
City Attorney

/s/ Stephanie M. Griffin, Assistant City Attorney
PO Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500

*Attorneys for Defendants*