IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

v.                                                 CIV 12-394 KBM-ACT

DANIEL BACA et al,

    Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

**COME NOW**, Defendants, by and through Assistant City Attorney Stephanie M. Griffin, and hereby state the following for Defendants' Response in Opposition to Plaintiff's Motion to Extend Discovery Deadline:

1.    During the Rule 16 Scheduling Conference which took place on October 1, 2012, Plaintiff's counsel, after having showed up late to the Scheduling Conference, indicated to this Court that they wished to conduct discovery in order to evaluate this case for settlement. Defense counsel, on the other hand, indicated that she wanted to explore resolving this case through an early settlement conference without conducting discovery.  After hearing from both sides on this issue, this Court entered a Scheduling Order setting a deadline for discovery of February 25, 2013. [See Text Entry on October 1, 2012]  The Court also set a Settlement Conference for December 4, 2012 [See Doc. 18]

2.    In order to reduce costs and fees in advance of the December 4, 2012 Settlement Conference, Defendants did not serve any discovery or take the deposition of Plaintiff or his witnesses.  Plaintiff also did not conduct any discovery in advance of the December 4, 2012 Settlement Conference.

  3. When the Settlement Conference took place on December 4, 2012, the case did not settle because the Plaintiff indicated that he wanted to conduct discovery.  However, Plaintiff did not even attempt to conduct any discovery until Plaintiff's counsel contacted undersigned counsel on February 15, 2013, 10 days before the discovery deadline, to request to take the depositions of the defendant officers.  Counsel for Defendants explained at that time that it would be too late to notice any depositions less than 10 days from the discovery deadline.  *See* D.N.M. LR 30.1 In response, Plaintiff's counsel said that he hoped that counsel would agree anyway to schedule the depositions within this short time frame.  Defense counsel said that she would not agree, but would agree to extend the discovery deadline by 30 days provided that Plaintiff's counsel prepared a motion and order.

  4. Three days after agreeing to extend the discovery deadline, Plaintiff filed an unopposed motion in this regard and discovery was extended until March 25, 2013.  [See Docs. 22 and 24]  On March 1, 2013, Defense counsel sent Plaintiff's counsel emails wherein she provided Plaintiff's counsel with proposed dates to take the depositions of the defendant officers.  [See Exhibit A – March 1, 2013 Emails]  Plaintiff's counsel did not respond to these emails.

  5. Also, because Plaintiff had not served his discovery answers to Defendants' First Set of Interrogatories and Requests for Production which were due on February 12, 2013, Defendants were forced to file a motion to compel this discovery on February 19, 2013 after making a good faith effort to obtain the information from Plaintiff without involving the Court.  [See Doc. 23]  Plaintiff did not respond to this motion, and even once briefing had been completed as this motion, Plaintiff still had not provided all of his discovery answers.  [See Doc. 25]  Consequently, this Court granted Defendants' motion and directed that Plaintiff provide the

outstanding discovery within 10 days of March 18, 2013.  [See Doc. 26]   Plaintiff finally did so on March 28, 2013.

      6.      On the same date that this Court entered its Order compelling Plaintiff to produce the requested discovery, Plaintiff's counsel contacted defense counsel requesting to depose Officers Jara and Kelly.  [See Exhibit B- March 18, 2013 Email sent at 6:57 p.m.]  In response, Defense counsel explained that Plaintiff's counsel had not responded when provided the proposed deposition dates [in the March 1, 2013 emails] and that, once again, any notices issued at this stage would be untimely.  [See Exhibit B – March 19, 2013 Email sent at 8:48 a.m.]  Six days later, Plaintiff filed the motion to extend the discovery deadline.  [See Doc. 27]

      7.      Plaintiff's claim that Plaintiff's counsel's attendance in the trial of <u>Maples v. Vollmer</u>, 12-cv-00294-JB-RHS somehow interfered with Plaintiff's ability to timely serve deposition notices in response to the March 1, 2013 emails is without merit as this trial took place over a two day period between March 13, 2013 through March 14, 2013.  [See Doc. 82, Clerk's Minutes in Maples v. Vollmer, 12-cv-00294-JB-RHS]  Further, Plaintiff waited until four days after the trial ended to request to take the officers' depositions.

      8.      Given that Plaintiff has not cooperated in providing discovery as required by the rules and given that Plaintiff has conducted absolutely no discovery over the past six months, this Court should not reward Plaintiff's dilatory actions by extending discovery for a second time.

**WHEREFORE**, Defendants request that this Court deny Plaintiff's Motion to Extend Discovery.

          Respectfully submitted,

          CITY OF ALBUQUERQUE
          David J. Tourek, City Attorney


          /s/ Stephanie M. Griffin
          Assistant City Attorney
          P. O. Box 2248
          Albuquerque, New Mexico 87l03
          (505) 768-4500

          *Attorney for City Defendants*


I hereby certify that the foregoing was sent via Notice of Electronic Filing to:

      Anna C. Martinez
      Albert L. Hutchinson, Jr.
      P.O. Box 25304
      Albuquerque, NM 87125
      (505) 750-8005
      anna@aequitas.pro

      *Attorneys for Plaintiffs*

on this 8th   day of April, 2013.

/s/ Stephanie M. Griffin, Assistant City Attorney