IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

    vs.                                Civ. No. 12-394 KBM/ACT

OFFICER DANIEL BACA, OFFICER JENNIFER
JARA, OFFICER LEAH KELLY and OFFICER
JACOB WELCH, individually and in their official
capacities as police officers for the ALBUQUERQUE
POLICE DEPARTMENT,

    Defendants.

## ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE

**THIS MATTER** is before the Court on Plaintiff's Motion to Extend Discovery Deadline ("Motion"), filed March 25, 2013. [Doc. 27.] Defendants filed their Response in Opposition ("Response") on April 8, 2013. [Doc. 28.] Plaintiff filed his Reply ("Reply") on April 25, 2013. [Doc. 29.] Having considered the parties' submissions and the relevant law, the Court finds that Plaintiff's Motion is not well taken and it will be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed his Complaint for Violation of Civil Rights ("Complaint") on April 16, 2012, alleging First and Fourth Amendment violations. [Doc. 1.] Plaintiff is seeking damages and declaratory and injunctive relief under the U.S. Constitution and Title 42 U.S.C.A. §§ 1983 and 1988. Defendants filed their Answer on June 19, 2012. [Doc. 5.] The Court held an Initial Scheduling Conference on September 26, 2012, and a Rule 16 Settlement Conference on December 4, 2012. The discovery deadline was March 25, 2013.

The factual basis of Plaintiff's claims involves an incident which occurred on August 8, 2010, when Plaintiff was distributing food to homeless people on the Fourth Street Mall in downtown Albuquerque. [Doc. 1 at 1, 3.] According to Plaintiff, Defendant police officers approached him and questioned him about having a permit to distribute food. [Id.] Plaintiff claims they issued a "Criminal Trespass Notification-Order Not to Return" in order to prevent him from distributing food. [Id. at 3-4.] When Plaintiff did not respond to further police questioning, he states he was arrested and charged with criminal trespass, refusing to obey an officer, and serving food without a permit. [Id at 4.] Plaintiff was handcuffed and placed in a squad car while his truck was searched and subsequently towed. [Id. at 5.] Plaintiff claims that at the prisoner transport center, Defendant police officers used excessive force, causing him pain and injury and putting him in fear for his health and safety. [Id.] Defendants deny Plaintiff's allegations.

The parties attended an Initial Scheduling Conference on September 26, 2012, at which time the Court set the original discovery deadline of February 25, 2013. On February 18, 2013, Plaintiff filed an Unopposed Motion for Extension of Time to Complete Discovery, asking the Court for a thirty-day extension. The Court granted the Motion and discovery was rescheduled to be completed by March 25, 2013. [Doc. 24.]

In his Motion to Extend, Plaintiff's counsel states that the extension agreed to by the parties has proven to be "too short" to allow her to take the depositions necessary for trial. [Doc. 27 at 1.] Plaintiff's counsel also states that she had a trial on March 14, 2013, in an unrelated matter that required more work than she anticipated. [Id. at 2.] In addition, Plaintiff believed that defense counsel had agreed to make witnesses available without the need to serve

formal notices; however, that was not the case and Plaintiff failed to serve timely notices of deposition. [Id.]  Plaintiff seeks only to depose the named Defendants. [Id.]

In their Response, Defendants argue that the parties agreed to an early Rule 16 Settlement Conference and that no discovery would take place prior to that time. [Doc. 28 at 1.] The Rule 16 Settlement Conference took place on December 4, 2012, and the case did not settle. [Id.]  When the case did not settle, Plaintiff's counsel indicated she wanted to conduct discovery. [Id. at 2.] Defendants argue that Plaintiff failed to communicate with Defendants about conducting any discovery until February 15, 2013, ten days before the discovery deadline, and too late to notice any depositions.  [Id.] While Defendants told Plaintiff they would not agree to schedule the depositions on such short notice, they would agree to extend the discovery deadline by 30 days to March 25, 2013. [Id.] On March 1, 2013, defense counsel sent Plaintiff's counsel an e-mail with proposed dates for taking the depositions of the defendants officers. [Id.] Plaintiff did not respond. [Id.] Defendants state it was not until March 18, 2013, that Plaintiff's counsel contacted defense counsel about deposing Defendants Jara and Kelly, but again "any notices issued at this stage would be untimely." [Id. at 3.] Defendants contend that Plaintiff's counsel's attendance in an unrelated trial took place over a two-day period, March, 13, 2013, through March 14, 2013, and should not have interfered with her ability to respond to defense counsel's e-mail about dates or to serve timely deposition notices. [Id.]

In his Reply, Plaintiff states that seeking leave of this Court to conduct the depositions of the named Defendant officers is not unreasonable.  Plaintiff's counsel argues that defense counsel never informed her that formal notices would be required for deposing the Defendants. [Doc. 29 at 1-2.] Plaintiff's counsel further argues that whether defense counsel chooses to accept it or not, preparation for her unrelated trial required more work than she estimated.  [Id. at

3

2.] Finally, Plaintiff's counsel states that she "regrets and apologizes for the errors made and requests that the Court permit Plaintiff to engage in the reasonable and limited discovery necessary to prepare this case for trial." [Id.]

## RELEVANT LAW REGARDING EXTENSIONS OF TIME

Rule 6(b) of the Federal Rules of Civil Procedure states:

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b). Showing good cause is not a particularly demanding requirement. *See United States v. Portillo–Quezada*, Nos. 03–20051, 08–2295, 2010 WL 396309, at *1 (D.Kan. Jan. 27, 2010) (finding good cause where attorney argued only that he "needs additional time to contact a witness for the Government at the trial of this case who may recant or change her testimony in material respects. Completion of research and drafting of the memorandum in support is also needed."); *Weingarten v. Optima Commc'ns Sys., Inc.*, 544 F.Supp.2d 193, 196 n. 1 (S.D.N.Y.2008) ("Under Rule 6(b)(1)(A) ... the court may, for good cause, extend the time to move if a request is made before the original time period expires.").

On the other hand, "a finding of excusable neglect under Rule 6(b)[ (1)(B) ] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that

there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir.1974). *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir.1987) ("[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.") (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985)). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir.2005).

## LAW REGARDING MODIFICATION OF SCHEDULING ORDERS

While "[t]he District Court has wide discretion in its regulation of pretrial matters," *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990), scheduling orders "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4). *See Street v. Curry Bd. of Cnty. Comm'rs*, 2008 WL 2397671 at *6 (D.N.M.) (Browning, J.). The Advisory Committee Notes to rule 16 observe:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

Fed. R. Civ. P. 16(b)(4), Advisory Committee Notes, 1983 Amendment. In the United States Court of Appeals for the Tenth Circuit, the concepts of good cause, excusable neglect, and diligence are all related. As this Court has stated: "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Bd. of Cnty. Comm'rs*, 2008 WL 2397671 at *6. "The Tenth Circuit ... has recognized the interrelation

between 'excusable neglect' and 'good cause.' " *Pulsecard, Inc. v. Discover Card Servs. Inc.*, 168 F.R.D. 295, 301 (D.Kan.1996) (citing *Broitman v. Kirkland* (In re Kirkland), 86 F.3d 172, 175 (10th Cir.1996)). In *Broitman v. Kirkland* (In re Kirkland), the Tenth Circuit dealt with the definition of "good cause" in the context of rule 4(j). The Tenth Circuit noted:

> [W]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified" is normally required.

86 F.3d at 175 (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir.1987)). The Tenth Circuit explained that *Putnam v. Morris* "thus recognized that the two standards, although interrelated, are not identical and that 'good cause' requires a greater showing than 'excusable neglect.' " *Broitman v. Kirkland* (In re Kirkland), 86 F.3d at 175.

Other courts within the Tenth Circuit have held that "the 'good cause' standard primarily considers the diligence of the party ... [.] The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Pulsecard, Inc. v. Discover Card Servs. Inc.*, 168 F.R.D. at 301 (internal quotation marks omitted) (omission in original).

Here, Plaintiff's counsel's history of tardiness and requests for extensions of time casts doubt on whether the due diligence standard discussed above has been met. From the case's inception, Plaintiff's counsel has been "running late." On August 21, 2012, Plaintiff filed an Unopposed Motion for Extension of Time to File the Joint Status Report and Exchange Initial

Disclosures and requesting that the scheduling conference be rescheduled.[1] [Doc. 9.] The scheduling conference was moved from August 29, 2012, to September 26, 2012. [Doc. 11.] Defendants' Response indicates that Plaintiff's counsel "showed up late" to the scheduling conference. [Doc. 28 at 1.] The Clerk's Minutes from the scheduling conference note that Plaintiff was given an extension of time until October 15, 2012, to supplement initial disclosures. On February 18, 2013, Plaintiff filed an Unopposed Motion for Extension of Time to Complete Discovery, ten days before the close of discovery, stating there had been insufficient time to schedule the Defendants' depositions and asking the Court for a thirty-day extension. The Court granted the extension, and on March 1, 2013, defense counsel provided Plaintiff's counsel with dates for depositions of the Defendant officers to which Plaintiff's counsel did not respond until March 18, 2013, one week before the second close of discovery.

In addition to the deposition taking debacle, on February 19, 2013, Defendants had to file a Motion to Compel because Plaintiff had not responded nor asked for an extension of time to respond to discovery that the Defendants had served on Plaintiff on January 10, 2013. The Court granted Defendants' Motion to Compel on March 18, 2013, after Plaintiff failed to respond thereby consenting to the motion pursuant to Rule 7.1(b) of the Local Rules of Civil Procedure for the United States District Court District of New Mexico.

Plaintiff's counsel is now before the Court asking for another extension of time to engage in discovery that she has had the past four months to conduct, taking into account the agreement between the parties not to conduct discovery prior to the Rule 16 Settlement Conference on December 4, 2012. Thus, the question before the Court is whether there is some showing of

---

[1] The Court acknowledges that Plaintiff was in the midst of changing counsel which represents good cause for an extension.

"good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified."  The Court can find neither.  Plaintiff's counsel's history speaks for itself.  That aside, Plaintiff's counsel's argument that she mistakenly believed that defense counsel was agreeing to make her clients available on the dates she provided without formal notice is disingenuous for two reasons: (1) Plaintiff's counsel had already been around this block with defense counsel in February when she attempted to schedule depositions ten days before the close of discovery and was told by defense counsel that it was "too late to notice any depositions" and they would not agree to schedule the depositions within such a short time frame; and (2) Plaintiff's counsel contacted defense counsel about scheduling the depositions at 6:57 p.m. on March 18, 2013, well into the evening on one of the dates provided by defense counsel for taking the depositions of Officer Kelly and Officer Jara.  It is unclear how Plaintiff's counsel thought that defense counsel had agreed to "make her clients available on the dates that she provided" when Plaintiff's counsel first contact came *after* one of the dates had already passed.  Furthermore, to the extent defense counsel had provided multiple dates for depositions, it is unreasonable for Plaintiff's counsel to have assumed that defense counsel would simply have the officers "on call" for all of these dates until she received word from Plaintiff's counsel even as the discovery deadline drew nearer and nearer.  It is also challenging for this Court to accept that Plaintiff's counsel "mistakenly believed" that defense counsel had agreed to do so.

    Finally, the fact that Plaintiff's counsel had a two-day trial in the middle of March does not account for why she failed to notice these depositions in December, January, February, or early March.  And as pointed out by Defendants, Plaintiff's counsel's unrelated two-day trial ended on March 14 and yet she failed to contact defense counsel about deposing the Defendants

until the evening of March 18, four days after her trial ended and one week before the close of discovery.

Because Plaintiff's counsel has not demonstrated due diligence in meeting either of the discovery deadlines set in this case and has failed to show some reasonable basis let alone good cause for noncompliance within the time specified, the Court finds that her motion is not well taken and it is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Extend Discovery Deadline [Doc. 27] is not well taken and is **DENIED.**

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**