## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALFONSO HERNANDEZ,**

      **Plaintiff,**

**v.**                                        **CIV 12-394 KBM-ACT**

**DANIEL BACA et al,**

      **Defendants.**

### DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION TO SEEK RELIEF UNDER 28 U.S.C. § 1927 FOR UNREASONABLY AND VEXATIOUSLY FILING MULTIPLE LAWSUITS AND REQUEST TO ORDER OTHER SANCTIONS AS NECESSARY

**COME NOW**, Defendants, by and through Assistant City Attorney Stephanie M. Griffin, and hereby state the following for Defendants' Motion for Leave to File a Motion to Seek Relief under 28 U.S.C. § 1927 for Unreasonably and Vexatiously Filing Multiple Lawsuits and Request to Order other Sanctions as Necessary:

1. The Pre-Trial Motion Deadline for this case as agreed to by the parties was on May 15, 2013 [See Doc. 24] and therefore Defendants seek leave to file the sanction motion out of time as undersigned counsel learned after the pre-trial motion deadline that Plaintiff's counsel had filed a related complaint on June 4, 2013 wherein Plaintiff asserts claims against the same parties premised upon the same underlying facts in *Hernandez v City of Albuquerque*, et al 13-cv-00521-LFG-ACT.

2. During a mediation which took place on May 1, 2013, Plaintiff's counsel had threatened to file the separate lawsuit related to the events in question in the present controversy, and in response, defense counsel indicated that she would file a motion to have any separate

lawsuit dismissed as a sanction in accordance with the Court's decision in *Holguin et al v. Burge et al* CIV 05-0628 MCA-RHS [ Memorandum, Opinion, and Order filed on January 20, 2006, Doc. 35]

4.      Plaintiff's counsel filed this separate lawsuit anyway knowing that the deadline by which to amend the complaint in the present controversy had already passed.  In fact, Plaintiff's counsel concedes in the newly filed complaint that this new complaint was filed because the amendment deadline had been missed.  *See  Hernandez v City of Albuquerque*, et al 13-cv-00521-LFG-ACT, Doc. 1, ¶ 14.

5.      Plaintiff never sought leave to extend the motion to amend deadline or for leave to file an amended complaint out of time prior to filing the separate action.

6.      During the Rule 16 Scheduling Conference which took place on October 1, 2012, Plaintiff's counsel, after having showed up late to the Scheduling Conference, indicated to this Court that they wished to conduct discovery in order to evaluate this case for settlement. Defense counsel, on the other hand, indicated that she wanted to explore resolving this case through an early settlement conference without conducting discovery.  After hearing from both sides on this issue, this Court entered a Scheduling Order setting a deadline for discovery of February 25, 2013. [See Text Entry on October 1, 2012]  The Court also set a Settlement Conference for December 4, 2012 [See Doc. 18]

7.      In order to reduce costs and fees in advance of the December 4, 2012 Settlement Conference, Defendants did not serve any discovery or take the deposition of Plaintiff or his witnesses.  Plaintiff also did not conduct any discovery in advance of the December 4, 2012 Settlement Conference.

8.      When the Settlement Conference took place on December 4, 2012, the case did not settle because the Plaintiff indicated that he wanted to conduct discovery.  However, Plaintiff did not even attempt to conduct any discovery until Plaintiff's counsel contacted undersigned counsel on February 15, 2013, 10 days before the discovery deadline, to request to take the depositions of the defendant officers.  Counsel for Defendants explained at that time that it would be too late to notice any depositions less than 10 days from the discovery deadline.  *See* D.N.M. LR 30.1 In response, Plaintiff's counsel said that he hoped that counsel would agree anyway to schedule the depositions within this short time frame.  Defense counsel said that she would not agree, but would agree to extend the discovery deadline by 30 days provided that Plaintiff's counsel prepared a motion and order.

9.      Three days after agreeing to extend the discovery deadline, Plaintiff filed an unopposed motion in this regard and discovery was extended until March 25, 2013.  [See Docs. 22 and 24]  On March 1, 2013, Defense counsel sent Plaintiff's counsel emails wherein she provided Plaintiff's counsel with proposed dates to take the depositions of the defendant officers. [See Doc. 28-1 – March 1, 2013 Emails]  Plaintiff's counsel did not respond to these emails.

10.     Also, because Plaintiff had not served his discovery answers to Defendants' First Set of Interrogatories and Requests for Production which were due on February 12, 2013, Defendants were forced to file a motion to compel this discovery on February 19, 2013 after making a good faith effort to obtain the information from Plaintiff without involving the Court. [See Doc. 23]  Plaintiff did not respond to this motion, and even once briefing had been completed as this motion, Plaintiff still had not provided all of his discovery answers.  [See Doc. 25]  Consequently, this Court granted Defendants' motion and directed that Plaintiff provide the

outstanding discovery within 10 days of March 18, 2013. [See Doc. 26]  Plaintiff finally did so on March 28, 2013.

12.      On the same date that this Court entered its Order compelling Plaintiff to produce the requested discovery, Plaintiff's counsel contacted defense counsel requesting to depose Officers Jara and Kelly. [See Doc. 28-2- March 18, 2013 Email sent at 6:57 p.m.]  In response, Defense counsel explained that Plaintiff's counsel had not responded when provided the proposed deposition dates and that, once again, any notices issued at this stage would be untimely. [See Doc. 28-2 – March 19, 2013 Email sent at 8:48 a.m.]  Six days later, Plaintiff filed the motion to extend the discovery deadline. [See Doc. 27]

7.      Plaintiff's claim that Plaintiff's counsel's attendance in the trial of <u>Maples v. Vollmer</u>, 12-cv-00294-JB-RHS somehow interfered with Plaintiff's ability to timely serve deposition notices in response to the March 1, 2013 emails is without merit as this trial took place over a two day period between March 13, 2013 through March 14, 2013. [See Doc. 82, Clerk's Minutes in Maples v. Vollmer, 12-cv-00294-JB-RHS]  Further, Plaintiff waited until four days after the trial ended to request to take the officers' depositions.

8.      Plaintiff has not cooperated in providing discovery as required by the rules and Plaintiff has conducted absolutely no discovery in the present lawsuit whatsoever.

9.      Plaintiff has been dilatory throughout this case as recognized by the Court when it issued its Order denying Plaintiff's motion to extend discovery. [See Doc. 32]

10.      On May 9, 2013, Defendants filed a motion for summary judgment on qualified immunity grounds requesting dismissal of Plaintiff's complaint. [See Doc. 30]  The United States Supreme Court has thus made it clear that a government official who has asserted an immunity

defense, should not have to undergo discovery until a final ruling is reached on the immunity issue.  *See Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

11.     Plaintiff's counsel filed the separate complaint wherein they name the same Defendant, knowing that this Court had denied Plaintiff's motion to extend discovery and knowing that Defendants had filed a motion on qualified immunity grounds entitling them to forego being subjected to discovery.

12.     The actions of Plaintiff's counsel in filing a separate complaint after having conducted no discovery; after the expiration of all of the pre-trial deadlines in this case, and after Defendants filed a summary judgment motion, serves as evidence of Plaintiff's attempt to subvert the case management deadlines in the present action and to thereby unreasonably and vexatiously multiply the proceedings since Defendants have objected to further extending the deadlines in this case and since the Court has denied Plaintiff leave to extend deadlines.

13.     The filing of multiple lawsuits undermine one of the main goals of The Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq.  in reducing the costs associated with litigation and it also causes extra burden on Defendants in starting a case anew by subjecting Defendants to additional costs, resources, and time in defending a separate action.

14.     Counsel for Plaintiff opposes this motion.

**WHEREFORE**, Defendants request that this Court grant Defendants' Motion for Leave to File a Motion to Seek Relief under 28 U.S.C. § 1927 for Unreasonably and Vexatiously Filing Multiple Lawsuits and Request to Order other Sanctions as Necessary.

Respectfully submitted,

CITY OF ALBUQUERQUE
David J. Tourek, City Attorney


/s/ Stephanie M. Griffin
Assistant City Attorney
P. O. Box 2248
Albuquerque, New Mexico 87l03
(505) 768-4500

*Attorney for City Defendants*


I hereby certify that the foregoing was sent via Notice of Electronic Filing to:

Anna C. Martinez
Albert L. Hutchinson, Jr.
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005
anna@aequitas.pro

*Attorneys for Plaintiffs*

on this 14th   day of June, 2013.

/s/ Stephanie M. Griffin, Assistant City Attorney