UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

          Plaintiff,

vs.                                            Civ. No. 12-394 KBM/ACT

OFFICER DANIEL BACA, OFFICER JENNIFER
JARA, OFFICER LEAH KELLY AND OFFICER
JACOB WELCH, individually and in their official capacities
as police officers for the ALBUQUERQUE POLICE
DEPARTMENT,

          Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Plaintiff, through counsel, AEQUITAS LAW, LLC, Anna C. Martinez and Albert L. Hutchinson, Jr. hereby propounds his Reply in Support of his Motion for Summary Judgment and states:

**I. RESPONSE TO DEFENDANTS' CONTENTIONS REGARDING PLAINTIFF'S
STATEMENT OF UNDISPUTED FACTS**

*Undisputed Material Fact No. 1: There is no law requiring an Albuquerque resident to get a permit to share food with others.*

      Defendants have characterized their actions as "making sure Plaintiff had a permit" so many times that the fact that they have *never* pointed to any law that requires one City resident to have a permit to share food with other City residents seems to be lost in the cacophony. It is for this reason that Plaintiff set forth his Undisputed Material Fact No. 1, which stated: "[r]esidents of the City of Albuquerque who wish to share food at no cost and with no connection to any business or commercial interests do not need a permit to do so."

In their Response, Defendants did not deny Plaintiff's Undisputed Material Fact No. 1. They do not state that Plaintiff's contention is wrong and cite to the law. Instead, Defendants state that this fact is unsupported because Plaintiff has provided no proof that such a law does not exist. This forces Plaintiff into the tenuous position of "proving a negative." Plaintiff shall endeavor to do so, by demonstrating that none of the statutes cited by Defendants apply to a non-commercial sharing of food.

First, Plaintiff was charged with violating Albuquerque Municipal Ordinance § 13-3-1-3. That ordinance provides that " [i]t shall be unlawful for any person **to conduct any business solicitation** in any location, unless such person has in his possession a valid permit issued in accordance with the provisions of §§ 13-3-1-1 *et seq*. and unless such person is conducting solicitations in a location permitted by §§ 13-3-1-1 *et seq*." *Id*.(emphasis added). As Defendants are well aware, no one has ever claimed that Plaintiff Alfonso Hernandez was "conducting any business." There has never been any dispute that he was following his religious convictions by sharing food with others. Clearly, § 13-3-1-3 does not require Plaintiff to secure a permit to share food.

The only other statute that Defendants have identified to justify their repetitive claim that all the officers were doing was "making sure that Plaintiff had a permit," is § 9-1-6-7(A), which is cited in Defendant's Motion for Summary Judgment, p. 15. As *correctly cited by Defendants,* § 9-1-6-7(A), states:

> It shall be unlawful for any person to **operate a food establishment** within the city who does not possess a valid permit issued for that food establishment by the enforcement authority. Such permit shall be posted in a conspicuous location, and only such persons who comply with the requirements of §§ 9-6-1-1 et seq. and other applicable laws, regulations, and ordinances shall receive and retain such permit. Permits shall not be transferable from one person to another person or establishment. Permits for

2

> temporary **food-service establishments** shall be issued for a period of time not to exceed two weeks, to a specific person for a specific location and shall be issued only for specific special events.

Plaintiff has shared food with others. He has not "operated a food service establishment."

The definition of "food-service establishment" does include:

> Any place where food is prepared and intended for individual portion service and includes the site at which individual portions are provided. The term includes any such place regardless of whether consumption is on or off the premises and regardless of whether there is a charge for the food. The term also includes delicatessen-type operations that prepare sandwiches intended for individual portion service. The term does not include private homes where food is prepared or served for individual family consumption, retail food stores, limited facilities as defined by §§ 9-6-1-1 et seq. or the location of food vending machines and supply vehicles.

However, the entirety of § 9-1-6-1, *et seq.*, the "Food Sanitation Law" must be read in the context in which it is written, that is: as a regulation of businesses who serve food either for profit, or for free in order to "drum up business." For example, the definitions section of the ordinance, § 9-6-1-2, includes definitions for "employee," "gross sales," and defines a "food processing establishment" as "[a] commercial establishment in which food is processed, prepared, packaged, stored or distributed for human consumption excluding meat markets, retail food stores and warehouses."

There is simply no prohibition against one person sharing food with another person, particularly when the desire to share that food is done on the basis of a genuine religious conviction. Such a law, if it existed would likely be unconstitutional, but a fair reading of the "Food Sanitation Law," demonstrates that it does not "outlaw" sharing food with others people in a non-commercial context. Consequently, while it is true that Plaintiff cannot submit a document proving that a law does not exist, it is nevertheless a fact that no such prohibition

exists. Absent a law requiring a permit, **all** of Defendants' actions premised upon "making sure Plaintiff had a permit" are unlawful. Plaintiff contends that Material Fact No. 1 is undisputed.

Furthermore, this Fact is supported by the analysis of both the Bernalillo County Metropolitan Court, which dismissed the charge of distributing food without a permit *and* the Second Judicial District Court, which specifically found that Defendant Jara's belief that Plaintiff needed a permit was "**mistaken**." See Plaintiff's Undisputed Material Facts Nos. 14-17.

***Undisputed Material Fact No. 2: Defendants' Claimed Dispute is Undermined by Defendant Welch's Own Affidavit as to the Fact that Defendant Welch Detained Plaintiff.***

Defendants dispute Plaintiff's Statement of Undisputed Fact No. 2, which states: "On August 8, 2010, Defendant Welch handcuffed and detained Plaintiff as a result of Plaintiff's lawful actions, to wit: sharing food with the hungry on public property." Plaintiff cited, generally, to *Exhibit B to Defendant's Motion for Summary Judgment*, which is the Affidavit of Jacob Welch. Defendants' claim that a) "Plaintiff's assertions are inaccurate and are unsupported by the record cited as Officer Welch's affidavit clearly states that Officer Lonz, and not Officer Welch handcuffed Plaintiff [See Doc. 30-2, Exhibit B, ¶¶ 15 and 16]" and b) "the Affidavit and the arguments contained in pages 9-14 of Defendants' summary judgment motion establish that Plaintiff was lawfully detained by Officer Welch and Officer Lonz on August 8, 2010."

It is true that Defendant Welch denies that he assisted in handcuffing Plaintiff. Consequently, this fact is withdrawn. Nevertheless, Officer Welch does not dispute that he was present with Officer Lonz and that when he and Officer Lonz approached Plaintiff, Plaintiff was not free to leave. The corrected, undisputed fact is therefore limited to the claim that Defendant Welch detained Plaintiff. There has been no evidence produced to counter Plaintiff's description of his detention by both Officer Welch and Officer Lonz, to wit: Officer Welch and Officer Lonz

approached Plaintiff on August 8, 2010. One officer was immediately in front of Plaintiff on his right. One officer was immediately in front of him on his left. There was a concrete planter behind Plaintiff and the officers were so close to him that he could not have walked away without pushing them out of his way. He did not feel free to leave on August 8, 2010, while Officers Welch and Lonz were questioning him. See Exhibit A to Plaintiff's Response to Defendants' Motion for Summary Judgment, Affidavit of Plaintiff at ¶¶ 14-19.

***Undisputed Material Fact No. 3: Defendants' Denial is Baseless – the Fact States that 110 Fourth St. is not 100 Fourth Street. The fact that 110 Fourth Street is Near 100 Fourth St. does not raise a dispute over the fact that the Criminal Trespass Notification was issued for 110 Fourth St. and Not for 100 Fourth St.***

Defendants attempt to dispute Plaintiff's Undisputed Material Fact No. 3, which states that "[o]n August 8, 2010, issued a "Criminal Trespass Notification---Order Not to Return" ("notice") purporting to bar him from entering or remaining 'on or about the property located at 110 4th Street NW ("Park").' The address listed on the notice is a piece of private property that houses the Telephone Museum of New Mexico." Defendants admit that 110 Fourth St. is the Telephone Museum, but Defendants claim to dispute Plaintiff's fact based upon the idea that area "about" 110 Fourth St. would include 100 Fourth St. There is no evidence that the area of the 100 Fourth St. upon which Plaintiff was located on September 12, 2010 was "about" 110 Fourth St. The fact is that Defendant Welch wrote out a Criminal Trespass Notification for a location other than 100 Fourth St. and over which he had no authority to write such a Notification. This fact has not been disputed.

***Undisputed Material Fact No. 4 was admitted.***

***Undisputed Material Fact No. 5: Defendants' Denial is Flawed. As described in support of Undisputed Material Fact No. 1, there is No Legal Prohibition Against Noncommercial***

5

***Sharing of Food and, as Admitted by Defendants, the Purpose of the Issuance of the Criminal Trespass Notice was to Create a Basis for Arresting Plaintiff and Others.***

Defendants contend that Plaintiff fails to present any support for his Undisputed Material Fact No. 5, which states that: "[t]he entirety of the facts demonstrate that the purpose of the criminal trespass notice was to prevent the plaintiff from distributing food to homeless persons, an activity not prohibited by law or regulation." Plaintiff incorporates by reference his analysis in support of Undisputed Material Fact No. 1. It is clear that there is no regulation barring the noncommercial sharing of food by one City resident with other City residents. As the email attached as Exhibit A to Plaintiff's Motion for Summary Judgment describes, there is no question that Defendants set out to a) determine that Plaintiff did not have a permit that he was not required to have; b) issue Plaintiff a Criminal Trespass Notification for not having a permit that he did not need to have; and c) arrest Plaintiff for returning to the property in question for violating the Criminal Trespass Notification that was issued to Plaintiff for not having a permit that he was not required to have. Consequently, the totality of the facts demonstrate that the purpose of the issuance of the Criminal Trespass Notification was to prevent Plaintiff from continuing to share food with other Albuquerque residents, including those without homes.

***Undisputed Material Fact No. 6: Defendants' Denial is Baseless; There is No Question that the Criminal Trespass Notification was issued to Plaintiff for Sharing Food.***

Defendants "deny" that Plaintiff was issued a Criminal Trespass Notification for serving food. *Resp.* at 3. However, Defendants' central argument is that Plaintiff was sharing food without a permit and was therefore issued a Criminal Trespass Notification. See Exhibit B to Defendants' Motion for Summary Judgment, ¶ 19 ("Once the crowd disbursed and the scene was calm, I released Mr. Hernandez from the police car and handcuffs, and I issued him a citation for not having a permit and I also issued him the attached Criminal Trespass Notification – Order

6

Not to Return." There is no basis for Defendants' claimed denial of this fact and the Court should deem it admitted.

***Undisputed Material Fact No. 8: Defendants' Denial is Founded Upon their Incorrect Belief that Plaintiff was Required to Have a Permit in Order to Share Food.***

Defendants' denial of Plaintiff's Undisputed Material Fact No. 8, which states that "[t]here is no evidence that Plaintiff was engaged in any activity that would justify the issuance of the notice," is unfounded for the same reason that their denial of Undisputed Material Fact No. 1 was misguided. There are no laws prohibiting people from sharing food with others absent any commercial motivation.

***Undisputed Material Fact No. 9: Defendants' Admit that Jennifer Jara was Acting on the "Directive" of her Commander.***

Defendants' claim that additional factors known to others regarding *why* her commanding Officer Rae Mason sent her to the Fourth St. Mall does not take away from the fact that Defendant Jara went to the Fourth St. Mall because she was directed to do so. This fact is admitted.

***Undisputed Material Fact No.10: this fact was admitted.***

***Undisputed Material Fact No.11: Defendants also admit this fact***

Defendants' desire to complicate this Undisputed Material Fact does not undermine the fact itself. There is no dispute that Jennifer Jara was sent out to the Fourth St. Mall to identify anyone sharing food without a permit.

***Undisputed Material Fact No. 12: Defendants' Admit that Jennifer Jara came into contact with Plaintiff on the Fourth St. Mall.***

*Undisputed Material Fact No. 13: Defendants' Admit that Jennifer Jara Never Claimed to Have Seen Plaintiff Sharing Food on September 12, 2010.*

*Undisputed Material Fact No. 14: Defendants' Admit that On January 11, 2011, Plaintiff was tried in the Bernalillo County Metropolitan Court. They Admit that the Charge of Distributing Food without a Permit was Dismissed on the Grounds that There was No Legal Requirement that He Have a Permit to Do So. Defendants and Plaintiff agree that Plaintiff was Convicted of Criminal Trespass and Refusing to Obey an Officer.*

The analysis that Plaintiff has provided regarding the fact that, in Albuquerque, there is no legal requirement for any resident to have a permit in order for that person to share food with others was endorsed by the Metropolitan Court. Defendants admit that "these assertions are accurate." *Resp*. at 3.

*Undisputed Material Fact No.15: Defendants admit that a Trial de Novo was Held on June 28, 2011.*

*Undisputed Material Fact No.16: Defendants admit that the Charge of Criminal Trespass was Dismissed. Plaintiff is not claiming any Preclusive Effect from this Dismissal, but the Fact that the charge was Dismissed* does *prevent Defendants from Claiming that Any Action Undertaken by the Criminal Courts Provides Legal Justification for their Actions.*

Defendants misunderstand Plaintiff's reason from presenting Undisputed Material Fact No. 16. Plaintiff's purpose is to explain that the Metrocourt conviction on this count is a nullity and, therefore, does not entitle Defendants to summary judgment. A finding of guilt might do that, if such a finding was left standing in the criminal courts given the prohibition of collaterally attacking a criminal case's outcome through § 1983 litigation.

*Undisputed Material Fact No.17: Defendants admit that the Criminal Court Found: a) the Encounter between Defendant Jara and Plaintiff Quickly Became Nonconsensual; that Defendant Jara had No Basis to Approach Plaintiff or Begin Questioning Him; that Plaintiff Presented No Public Safety Concerns* and was Engaged in No Criminal Conduct*; and that Defendant Jara's belief that Plaintiff needed a Permit to Share Food was "Mistaken."*

8

Defendants repeatedly assert that the State Court determinations are not entitled to a preclusive effect in this case—and then fail to provide any reason why those determinations should be rejected. To say that the State Court, which heard evidence on this very matter, is not the ultimate arbiter of the legality of the matter is not the same as saying it should be ignored. The Court held testimony for several hours, a copy of the transcript of which has been provided to Defendants, and made several findings. While this Court may, if presented with good reason, choose to disagree with the Criminal Court, there should be no question that the Opinion of another jurist should be afforded fair consideration. The findings made by the Criminal Court, first of all, support Plaintiff's Undisputed Material Fact No. 1, in that every Court that has been asked to consider whether there is any law that required Plaintiff to have a permit to share food with others has determined that there is no such requirement.

The Second Judicial Court's holding furthermore provides some other, additional factual holdings that are harmful to Defendants' arguments, specifically the Court determined that Plaintiff presented no safety concerns and he was engaged in no criminal conduct. Although these findings do not limit the power of this Court to consider the facts, they are worthy of weighty consideration. A state district court judge does not dismiss criminal cases lightly and Judge Whitaker's findings in this matter should be evaluated and considered seriously.

***Undisputed Material Fact No.18: Defendants' Denial Does Not Identify Any Factual Basis and This Fact Should be Deemed Admitted.***

Defendants' deny that "[t]here were no public safety concerns presented by Plaintiff Alfonso Hernandez." *Resp*. at p. 4. Defendants then cite to several pages of their argument, in which they claim legal justification for detaining Plaintiff. None of those justifications claim that Plaintiff was a public safety concern. At worst, Defendants claim that Plaintiff was peaceably

9

violating a Criminal Trespass Notification. This claim does not undermine the Criminal Court's finding that Plaintiff was not a Public Safety Concern and the fact should be deemed Admitted.

***Undisputed Material Fact No.19: Defendants' Denial Does Not Identify Any Factual Basis and This Fact Should be Deemed Admitted.***

Defendants deny that "Plaintiff Alfonso Hernandez was not engaged in any criminal conduct." The Criminal Court after hearing testimony from Defendant Jara, specifically determined that this was the case.

## LEGAL ANALYSIS

***A. Qualified Immunity is Not at Issue in this Motion. It has been Separately and Fully Briefed.***

After admitting some critical facts and attempting to deny some others, Defendants' then Respond to Plaintiff's Motion for Summary Judgment solely by pasting their own Motion for Summary Judgment based upon Qualified Immunity. Plaintiff's Motion is based upon the claim that Defendants acted unlawfully in issuing a Criminal Trespass Notification to Plaintiff even though he was doing nothing wrong. The issue of whether Defendants are entitled to qualified immunity is a separate concern that has been fully briefed in Defendants' Motion, Plaintiff Response in Opposition to that Motion and Defendants' Reply in Support Thereof. If this Court determines that the Officers are entitled to Qualified Immunity, regardless of the illegality of the officers' actions, then Plaintiff's Motion for Summary Judgment will be moot as to the officers in their individual capacities.

***B. Lacking a Qualified Immunity Defense, the Undisputed Material Facts Demonstrate that Plaintiff is Entitled to Summary Judgment.***

If on the other hand, the Court determines that a reasonable officer would have known that a) an officer may not issue a Criminal Trespass Notification to someone who was not breaking the law; b) sharing food with others without any commercial purpose is not unlawful; and c) arresting someone for violating an unlawfully issued Criminal Trespass Notification—without so much as asking the issuing officer, who was present at the scene, why the Notification was issued was not Constitutional, then the Court should also agree that this is not a case in which Defendants *may* be liable. It is, instead, a case in which Defendants are liable.

Plaintiff will not rehash his arguments against Qualified Immunity. Instead, he points out that the Criminal Court, which was in an excellent position to do so, has already determined that Plaintiff did not need a permit to share food. Defendants have presented no reason why this Court should ignore that finding. The entirety of the "Food Sanitation Law" is directed at the commercial activities involving food conducted in the City. There is no question that Plaintiff has been sharing food with others, with no commercial purpose, as a result of his deeply held religious convictions. There is no reason for this Court to disagree with the Criminal Court's conclusion that Plaintiff was acting lawfully. If the Court agrees with that finding, and assuming that the Court denies Defendants' Qualified Immunity Motion, the Court should also find that Defendants are liable to Plaintiff and set this matter for a trial on damages alone.

**WHEREFORE**, based upon the foregoing, Plaintiff respectfully requests that this Court grant him Summary Judgment and set this matter for a trial on damages alone.

                                          Respectfully Submitted:
                                          **AEQUITAS LAW, LLC**

                                          /s/
                          By:      _____
                                          Anna C. Martinez
                                          Attorney for Plaintiff
                                          P.O. Box 25304
                                          Albuquerque, NM 87125
                                          (505) 750-8005
                                          anna@aequitas.pro

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was delivered to opposing counsel via the Court's CM/ECF document filing and delivery service on June 17, 2013.

/s/
_____
Anna C. Martinez