UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

        Plaintiff,

vs.                                                No. 12-cv-394 KBM/ACT

OFFICER DANIEL BACA, OFFICER JENNIFER
JARA, OFFICER LEAH KELLY AND OFFICER
JACOB WELCH, individually and in their official capacities
as police officers for the ALBUQUERQUE POLICE
DEPARTMENT,

        Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A
MOTION TO SEEK RELIEF UNDER 28 U.S.C. § 1927**

      **COMES NOW**, Plaintiff Alfonso Hernandez, through counsel, AEQUITAS LAW, LLC, Anna C. Martinez and hereby moves this Court for Leave to File a Motion to Seek Relief Against Stephanie M. Griffin, Esq., under 28 U.S.C. § 1927 as a result of defense counsel's willful failure to comply with Fed.R.Civ.P.26, which resulted in unreasonably multiplying the present proceedings. As grounds in support of this Motion, Plaintiff states:

      1.      On June 14, 2013, counsel for Defendants, Stephanie M. Griffin, filed her own Motion for Leave to Seek Relief under 28 U.S.C. § 1927. In that Motion, Ms. Griffin alleges that undersigned counsel seeks to "subvert" the Court's case management deadlines through the filing of the Complaint in case number, 13-cv-521. This allegation is not true—counsel for Defendants is well aware that undersigned counsel learned of the basis for the related Complaint after the deadline to amend had passed in this case. Counsel for Defendants is further aware that, if she had disclosed the email giving rise to the related Complaint in compliance with Fed.R.Civ.P.26, Plaintiff's counsel would have known of the additional wrongs done to Plaintiff

prior to the deadline to amend the pleadings. The email in question was not provided to Plaintiff in Defendant's Fed.R.Civ.P.26 disclosures. *Exhibit A: Cover letter, Fed.R.Civ.P.26 Initial Disclosures, and Certificate of Service.*

2.    That email, attached to the Complaint in 13-cv-521, is from Sgt. Cassandra Kukowski of the Albuquerque Police Department. It informs Sgt. Kukowski's underlings that "Darren White is allowing us to take of [sic] the gloves and deal with some issues of concern in the Valley. WOOOOOOOOOO HOOOOOOOOOOOO!!!!!!!" See, *Exhibit A to Plaintiff's Complaint in Case Number 13-cv-521*: Email from Cassandra Kukowski, dated July 23, 2010.

3.    There is no question that this email, which undersigned counsel ultimately received from a third-party, but which was in and remains in the possession of the City of Albuquerque,[1] meets the definition of a document that must be disclosed pursuant to Fed.R.Civ.P.26. It is obvious that Ms. Griffin's deliberate refusal to provide this email was designed to hide its existence from Plaintiff and his attorneys.

4.    Fed.R.Civ.P.26(a)(1) provides that a party must, without awaiting a discovery request, provide to the other parties certain categories of information relating to the witnesses and documents that support their claims. Fed.R.Civ.P. 37(a)(3)(A) provides that "if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." In this case, Ms. Griffin's deliberate refusal to comply with Fed.R.Civ.P.26 has caused the very multiplication of proceedings about which Ms. Griffin complains.

---

1. At undersigned counsel's request another party requested the email from the City of Albuquerque through the Inspection of Public Records Act, in order to verify that the email is genuine and that the City continues to have possession of the email. The email is genuine and the City does have possession of the email.

5. Just as Ms. Griffin seeks to hold undersigned counsel personally liable for allegedly vexatiously multiplying the proceedings, so, too, should Ms. Griffin be called to task for her decision to hide the existence of a critical email from Plaintiff.

6. The existence of an email relaying then-Public Safety Director Darren White's Order to a) identify people sharing food with the homeless; b) find out if those people lacked an unnecessary permit to share that food; c) issue anyone sharing food without an unnecessary permit a Criminal Trespass Notification and d) arrest those people for violating that Criminal Trespass Notification obviously changes the tenor of this case drastically. It demonstrates that the events resulting in Plaintiff's seizure and detention on August 8, 2010 and his seizure, detention, arrest and incarceration on September 12, 2010 were part of an orchestrated plan.

7. At the settlement mediation attended by undersigned counsel, the undersigned informed counsel for Defendants that she would be filing the related Complaint. She did not "threaten" to file it. She did not equivocate that she would be filing the Complaint. Indeed, she provided Ms. Griffin with a copy of the planned Complaint.

8. Plaintiff will address the contentions raised at the settlement conference and in Defendants' Motion for Leave to File a Motion to Seek Relief under 28 U.S.C. § 1927 in Plaintiff's Response thereto, but, importantly, for the purposes of Plaintiff's planned Motion to Seek Relief under 28 U.S.C. § 1927, Ms. Griffin **never** expressed any surprise when she was presented with a copy of the aforementioned email. It is clear that Ms. Griffin knew of the existence of the subject email and nevertheless ignored her obligation to provide that email to Plaintiff's attorneys.

9. The related Complaint contains counts against Darren White, Sgt. Kukowski, and an additional count against Defendant Jennifer Jara, to wit: malicious prosecution. The instant

case does not include an allegation of malicious prosecution. The allegations contained within that Complaint are not barred by the Statute of Limitations. The Complaint was necessitated by opposing counsel's decision to ignore her obligations under Fed.R.Civ.P.26 and undersigned counsel's unfortunate belief that Ms. Griffin would take her obligation seriously. Having refused to do so, Plaintiff should be permitted leave to seek sanctions against Ms. Griffin pursuant to 28 U.S.C. §1927.

10. Defendants oppose this Motion.

**WHEREFORE** Plaintiff seeks leave to file his own Motion to Seek Relief Against Counsel for Defendants, Stephanie M. Griffin, pursuant to 28 U.S.C. 1927.

Respectfully submitted,
**AEQUITAS LAW, LLC**

By: **"Electronically Filed"**
/s/ Anna C. Martinez
Attorney for Plaintiff
P.O. Box 25304
Albuquerque, NM 87125
(505) 750-8005
anna@aequitas.pro

I hereby certify that a true and correct copy
of the foregoing pleading was sent to counsel
for Defendants via the Court's CM/ECF electronic
document filing and delivery system on the same
date that the foregoing pleading was filed.

 **"Electronically Filed"**
/s/ Anna C. Martinez