IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFONSO HERNANDEZ,

    Plaintiff,

v.                                              CIV 12-394 KBM-ACT

DANIEL BACA et al,

    Defendants.

## DEFENDANTS' SECOND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION TO SEEK RELIEF UNDER 28 U.S.C. § 1927

**COME NOW**, Defendants, by and through Assistant City Attorney Stephanie M. Griffin, and hereby state the following for Defendants' Second Response to Plaintiff's Motion for Leave to file a Motion to Seek Relief under 28 U.S.C. § 1927:

Plaintiff's motion is wholly without merit and has only been filed for retaliatory purposes against undersigned counsel. For example, Plaintiff filed a notice with the Court on June 14, 2013 [See Doc. 14] notifying the Court of the newly filed complaint only after undersigned counsel emailed Plaintiff's counsel on this same date that she was inquiring as to her position on a motion for leave to seek relief under Section 28 U.S.C. § 1927 since Plaintiff's counsel had filed a second complaint related to the same events in question. Undersigned counsel sent the email on this date as she had just learned the evening before that this other complaint had been filed. Plaintiff was disingenuous in filing the notice on June 14th as if he truly wanted to apprize the Court presiding over the present lawsuit of the new complaint; he would have filed a notice on June 4, 2013 when he filed the new complaint, not 10 days later. Also, as an officer of the court, Plaintiff's counsel should have disclosed the new complaint on June 6, 2013 during the telephonic status conference the parties had with the Court. Consequently, it is apparent from

Plaintiff's motion that Plaintiff's counsel "protests too much" presumably in an attempt to deflect attention from herself onto undersigned counsel by making baseless assertions.

Plaintiff claims that defense counsel should have disclosed an email in Initial Disclosures which defense counsel finds ironic since Plaintiff *never* served Initial Disclosures in the present action or any discovery upon Defendants for that matter.  Defendants had to file a motion to compel discovery from Plaintiff, which Plaintiff did not respond to presumably because Plaintiff's counsel knew that she had not complied with her discovery obligations.  Defense counsel did not make issue out of Plaintiff's failure to submit his Initial Disclosures so as to avoid incurring additional costs and expenses in the hopes of resolving this case during a settlement conference and since discovery had been served upon Plaintiff which had requested a lot of the information that Plaintiff was required to disclose under Fed. R. Civ. P., Rule 26(a)(1). Although defense counsel does not recall whether she had even received the email in question by the time defense Initial Disclosures were made, this notwithstanding, the email at issue was not required to be disclosed pursuant to Fed. R. Civ. P., Rule 26(a)(1) as this rule only requires disclosure of documents which a party *may* use to support its claims or defenses.  *See* Fed. R. Civ. P., Rule 26(a)(1)(A)(iii). The email is not a document which defense counsel intended to use in support of Defendants' defense.  In fact, the document was not submitted as an exhibit to defense counsel's summary judgment motion.  Furthermore, upon information and belief, Plaintiff's counsel came into possession of the email via an Inspection of Public Records Request which her paralegal, Brandon Cummings, made on November 28, 2012 during which the information from a companion lawsuit was disclosed to him.  [See Exhibit A – IPRA Request] Although, after the filing of Defendants' initial response brief to Plaintiff's motion for leave,

Plaintiff's counsel claims that she only received the email in question in March, 2013. Plaintiff's counsel could have sought leave to amend in March, 2013 when she acknowledges that the email came into her possession. Upon information and belief, there was also nothing which prevented her from seeking leave to extend the deadline by which to amend the pleadings when Plaintiff's counsel filed the unopposed motion to extend deadlines on February 18, 2013. [See Doc. 22]  Plaintiff's counsel also could have sought leave to extend the amendment deadline in the contested motion which she filed on March 25, 2013 [See Doc. 27]  Finally, if Plaintiff's counsel truly had concerns about any alleged improprieties by undersigned counsel with respect to disclosing information, she certainly had opportunity to express her concerns on June 6, 2013 during the status conference with the Court and at least inform the Court that she was going to seek leave to file the Section 1927 motion.  Instead of voicing these concerns, Plaintiff's counsel remained mute while knowing full well that she had filed a separate lawsuit involving the same parties and events.

As was mentioned in Defendant's motion for leave to file a Section 1927 motion, Plaintiff's counsel filed the separate complaint wherein she names the same party in the present action, Jennifer Jara.  She did this while knowing that this Court had denied Plaintiff's motion to extend discovery and while knowing that Defendants had filed a motion on qualified immunity grounds entitling them to forego being subjected to discovery. The actions of Plaintiff's counsel in filing a separate complaint after having conducted no discovery; after the expiration of all of the pre-trial deadlines in this case; and after Defendants filed a summary judgment motion, serves as evidence of Plaintiff's attempt to subvert the case management deadlines in the present action and her action in filing the present motion for leave to file a Section 1927 pleading is

further evidence of her intent to unreasonably and vexatiously multiply the proceedings especially in light of Defendants' objection to further extending the deadlines in this case and the Court's denial of Plaintiff's motion to extend deadlines.

Certainly if there was a valid basis by which to file a Section 1927 motion against undersigned counsel pertaining to the disclosure of the email in question, Plaintiff's counsel should have sought to file the motion at the time she claims that she received the email back in March, 2013 and certainly by June 4, 2013 when she filed the second complaint on behalf of her client. The fact that she chose to file her motion for leave just one week after defense counsel filed a motion for leave to file a Section 1927 motion is evidence that her motion has not been filed in good faith

**WHEREFORE**, Defendants request that this Court deny Plaintiff's Motion for Leave to file a Motion to Seek Relief under 28 U.S.C. § 1927, and order all other relief that this Court deems necessary and appropriate.

Respectfully submitted,

CITY OF ALBUQUERQUE
David J. Tourek, City Attorney


/s/ Stephanie M. Griffin
Assistant City Attorney
P. O. Box 2248
Albuquerque, New Mexico 87l03
(505) 768-4500

*Attorney for City Defendants*

4

I hereby certify that the foregoing was sent via Notice of Electronic Filing to:

>Anna C. Martinez
>Albert L. Hutchinson, Jr.
>P.O. Box 25304
>Albuquerque, NM 87125
>(505) 750-8005
>anna@aequitas.pro
>
>*Attorneys for Plaintiffs*

on this 21st   day of June, 2013.

/s/ Stephanie M. Griffin, Assistant City Attorney