# BRANDON CUMMINGS

P.O. Box 6927
Albuquerque, NM 87197
505.750.4745

Wednesday, November 28, 2012

Amy B. Bailey
Albuquerque City Clerk
P.O. Box 1293
Albuquerque, NM 87103
cityclerk@cabq.gov

Mayor Richard J. Berry
Office of the Mayor
P.O. Box 1293
Albuquerque, NM 87103
mayorberry@cabq.gov

**DELIVERED VIA E-MAIL**

> Re:   *Demand for Inspection of Public Records*
> *Pursuant to NMSA 1978, § 14-2-1, et seq.*

Dear Representatives of the City of Albuquerque:

Pursuant to the New Mexico Inspection of Public Records Act, NMSA 1978, § 14-2-1, *et seq.*, demand is hereby made for opportunity to inspect and copy the following documents:

1. **All pleadings, documents, recordings, correspondence, memoranda, or other tangible things gathered, produced, received or kept by the City of Albuquerque in case number CV-2011-05490, *Herrick et al. vs. Kelly et al.*, which was filed in the Second Judicial District Court on May 24, 2011 and was removed to the United States District Court and assigned case number 11-cv-00624-MCA-WDS, on July 14, 2011.**

2. **Any deposition taken by any party in case number CV-2011-05490, *Herrick et al. vs. Kelly et al.*, which was filed in the Second Judicial District Court on May 24, 2011 and was removed to the United States District Court and assigned case number 11-cv-00624-MCA-WDS, on July 14, 2011.**

3. **Any document referencing any money paid to any attorney or any Plaintiff in case number CV-2011-05490, *Herrick et al. vs. Kelly et al.*, which was filed in the Second Judicial District Court on May 24, 2011 and was removed to the United States District Court and assigned case number 11-cv-00624-MCA-WDS, on July 14, 2011.**



*Herrick vs. Kelly Litigation*
*Ref.: Demand for Inspection of Public Records*

*November 28, 2012*
*Page 2*

Please advise me if this request does not describe the documents with sufficient specificity for you to make a reasonable response and I will attempt to reformulate the request in a manner that meets your requirements. If your agency does not maintain these public records, please forward this request to the designated custodian of the requested records and notify me of that action, including the information required by NMSA 1978, § 14-2-8(E).

**Please note that I am requesting to <u>inspect</u> rather than <u>copy</u> all documents and recordings.** Upon inspection, I will determine if I would like to pay for copies of the documents and recordings. If you will not allow me to inspect the documents and recordings without paying for copies thereof, please inform me of such requirement in writing immediately.

**Please also note that I prefer electronic documents.** Electronic documents may be sent to me at the following email address: brandon@aequitas.pro. If your agency only has the ability to produce hard copies of documents, they are to be sent to me at the following address: Brandon Cummings, P.O. Box 6927, Albuquerque, NM 87197.

If the request encompasses information that is exempt from disclosure, please either separate the exempt documents prior to permitting inspection or redact the information from documents that are otherwise nonexempt.

As a reminder, NMSA 1978, § 14-2-8 provides that:

> D. A custodian receiving a written request shall permit the inspection immediately or as soon as is practicable under the circumstances, **<u>but not later than fifteen days after receiving a written request</u>**. If the inspection is not permitted within three business days thereafter, the custodian shall explain in writing when the records will be available for inspection or when the public body will respond to the request. The three-day period shall not begin until the written request is delivered to the office of the custodian. (emphasis added).

> E. In the event that a written request is not made to the custodian having possession of or responsibility for the public records requested, the person receiving the request **<u>shall promptly forward the request to the custodian of the requested public records, if known, and notify the requester</u>**. The notification to the requester shall state the reason for the absence of the records from that person's custody or control, the records' location and the name and address of the custodian. (emphasis added).

In addition, NMSA 1978, § 14-2-12 provides that:

> D. The court shall award damages, costs and reasonable attorneys' fees to any person whose written request has been denied and is successful in a court action to enforce the provisions of the Inspection of Public Records Act.

*Herrick vs. Kelly Litigation*
*Ref.: Demand for Inspection of Public Records*

*November 28, 2012*
*Page 3*

As you are likely aware, every person has a right to inspect any public records of the state except as otherwise provided by law; public records include all materials that are used, created, received, maintained, or held by or on behalf of any public body and relate to public business. *Meridian Oil v. New Mexico Taxation & Revenue Dep't*, 122 N.M. 131 (1996). Furthermore, deposition transcripts in the possession of the City are not exempt from disclosure under the Inspection of Public Records Act. *United Transp. Union Local 1745 v. City of Albuquerque*, 352 Fed.Appx. 227, 231 (10th Cir. 2009).

Thank you for your time and assistance in this matter and I look forward to reviewing the above described records within fifteen days.

Sincerely,

BRANDON CUMMINGS